**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARMEN FRANCISCO SALAZAR-VELASQUEZ,<br><br>    Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>    Respondent. | No.    17-70462<br><br>Agency No. A070-095-306<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 11, 2022[**]
Phoenix, Arizona

Before:  MURGUIA, Chief Judge, GRABER, Circuit Judge, and L. BURNS,[***] District Judge.
Concurrence by Judge BURNS.

---

        [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

        [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

        [***]    The Honorable Larry A. Burns, United States District Judge for the Southern District of California, sitting by designation.

Petitioner Carmen Francisco Salazar-Velasquez, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") denial of his applications for asylum and withholding of removal. He claims past persecution and a well-founded fear of future persecution, on account of his political opinion. The agency ruled that the harm suffered by Petitioner did not rise to the level of past persecution. Reviewing for substantial evidence, Reyes v. Lynch, 842 F.3d 1125, 1137 (9th Cir. 2016), we conclude that the record "compel[s]" the contrary conclusion, 8 U.S.C. § 1252(b)(4)(B). Accordingly, we grant the petition and remand for the BIA to reconsider, applying the presumption that Petitioner has a well-founded fear of future persecution. 8 C.F.R. § 208.13(b)(1).

Petitioner belonged to and was a local officer (General Secretary) in a political party, the UCN. Other UCN leaders were receiving death threats from political rivals at the time. Heavily armed men came to one of the UCN's meetings, asked for Petitioner by his title, and demanded to know his name and whereabouts. Although the men left when they did not obtain the information that they sought, they returned a few weeks later, again bearing arms, and repeated the same demand. This time, when their demand was not satisfied, they kidnapped and severely beat one of Petitioner's UCN associates to try to obtain Petitioner's name,

2

and they said that they would find and kill the UCN General Secretary. Shortly thereafter, the same men learned Petitioner's identity. They went to Petitioner's aunt's house in a distant province, where he was hiding, and, while brandishing firearms, threatened to kill Petitioner. He fled the country, but the threats to kidnap and kill Petitioner and his family continued. The immigration judge expressly found Petitioner to be credible.

Death threats alone can constitute persecution, depending on the degree of harm inflicted. Canales-Vargas v. Gonzales, 441 F.3d 739, 743–44 (9th Cir. 2006). Here, Petitioner testified to intense fear and intimidation that he and family members suffered. In cases similar to this one, we have concluded that a finding of past persecution was compelled. See, e.g., Jahed v. INS, 356 F.3d 991, 998–99 (9th Cir. 2004) (so concluding where a political opponent threatened to extort the petitioner in circumstances where imprisonment and death were likely to result from noncompliance); Ruano v. Ashcroft, 301 F.3d 1155, 1159–60 (9th Cir. 2002) (so concluding where the petitioner, an Assistant General Secretary for UCN, received repeated and menacing death threats); Gonzales-Neyra v. INS, 122 F.3d 1293, 1295–96 (9th Cir. 1997) (so concluding where the petitioner received one death threat and his family members were confronted and intimidated), as amended on denial of reh'g, 133 F.3d 726 (9th. Cir. 1998). Death threats can constitute past

persecution even when communicated to third parties and even when those making the threats do not know the name of their target. See Mashiri v. Ashcroft, 383 F.3d 1112, 1120 (9th Cir. 2004) (concluding that a single "specific and menacing death threat" was "strong evidence of persecution" despite the threat's not naming the petitioner or being communicated face-to-face), as amended (Nov. 2, 2004); Salazar-Paucar v. INS, 281 F.3d 1069, 1071, 1074–75 (9th Cir. 2002) (concluding that the evidence compelled finding of past persecution after the petitioner received death threats through a third party). Moreover, harm to a petitioner's close relatives, friends, or associates is relevant to a finding of past persecution if the harm is part of a pattern closely tied to the petitioner himself. Korablina v. INS, 158 F.3d 1038, 1043–44 (9th Cir. 1998). Those criteria are met here.

**PETITION GRANTED; REMANDED.**

BURNS, D.J., concurring.

I agree that the record establishes Petitioner suffered past persecution. The immigration judge therefore should have presumed that he maintains a well-founded fear of future persecution. *See* 8 C.F.R. § 208.13(b)(1). But I write separately to explain that, in my view, the record evidence is sufficient to rebut that presumption.

An immigration judge may deny a petition for asylum despite evidence of past persecution if the judge finds by a preponderance of the evidence that "[t]here has been a fundamental change in circumstances such that the applicant no longer has a well-founded fear of persecution in the applicant's country of nationality." 8 C.F.R. § 208.13. The record here contains ample evidence of such fundamental change. First, the incidents that gave rise to Petitioner's fear of persecution occurred more than 30 years ago. Second, those incidents arose out of Petitioner's affiliation with a political party that isn't influential anymore and commands little, if any, public attention in modern day Guatemala. Third, Petitioner's mother, two brothers, aunt, and mother-in-law have all remained in Guatemala without being harmed, threatened, or even contacted by the people who were looking for Petitioner back in March 1991. These circumstances undercut the reasonableness

1

of any claim that Petitioner faces a *present* threat of persecution in his home country.

Remand is appropriate here because the immigration judge was bound to presume that Petitioner's past persecution gave rise to a well-founded fear of future persecution. But the presumption is rebuttable, not conclusive. Petitioner's past persecutors (if they're still around after three decades) have apparently lost interest in him. That's enough to rebut the presumption.